Dureee, Judge,
delivered the opinion of the court:
Luis R. Esteves, after considerable military service in active, National Guard and Reserve capacities, applied for and was granted retirement, effective April 30, 1953, and his name was placed on the retired list as a brigadier general, Army of the United States, pursuant to the provisions of Title III of the Act of June 29, 1948, 62 Stat. 1081. He received retirement pay based on the rank of brigadier general, pursuant to that statute from April 30, 1953 continuously until the date of his death, March 12, 1958. Upon death, his heirs were substituted as parties plaintiff in this action.
While receiving retirement pay, Esteves was extended Federal recognition as a major general, Puerto Rico National Guard, effective May 10, 1954. On August 16, 1954, the President of the United States nominated him for the rank of major general, National Guard of the United States, and this nomination was confirmed by the Senate on August 18, *719 1954. Esteves participated in fifteen drill periods from May 10, 1954 to March 22, 1955, for which periods he received pay as a major general. As the facts have been stipulated, the sole point in issue on these motions is whether Esteves was entitled to additional retirement pay pursuant to the applicable provisions of Title III of the Act of June 29, 1948, supra, based on the rank of major general from May 10, 1954, the effective date of his promotion, to the date of his death.
The Act of June 29, 1948, supra, which defines retirement rights for officers in Esteves’ position, provides in pertinent part as follows:
Sec. 802(a) Any person who, upon attaining or having attained the age of sixty years, has performed satisfactory Federal service as defined in this section in the status of a commissioned officer, * * * in the Army of the United States * * * including the respective reserve components thereof, and also including the federally recognized National Guard * * * and has completed an aggregate of twenty or more years of such satisfactory service * * * shall, upon application therefor, be granted retired pay: * * *
[Sec. 302] (e) Any person who, upon attaining the age of sixty years, has qualified for retirement with pay pursuant to this title, may, with his consent and by order of the cognizant Secretary, be retained on duty to perform Federal service. Any person so retained shall be credited with equivalent periods of Federal service for the performance of such duties.
The problem in this case lies in the fact that the promotion to the rank of major general, upon which the claim for increased pay is founded, was granted subsequent to retirement. Section 302(e), above, is the sole statutory authorization providing for the awarding of benefits accruing subsequent to qualification for retirement. Consequently, unless Esteves’ situation falls within the situation contemplated thereby the claim must fail.
Upon analysis we construe section 302(e) as dealing with a situation where despite possession of the qualifications which could form the basis for retirement the appropriate service Secretary orders, and the officer consents to, reten *720 tion “on duty” in service. In this connection, we believe that section 302(e) in effect distinguishes the concept of retention “on duty” in service, implying a continuing relationship, to that of retirement from service, implying severance, so that the additional benefits accruing to a retained officer by virtue of that section will be awarded only upon subsequent retirement. Inasmuch as Esteves elected to apply for retirement immediately upon qualifying (i.e. immediately upon reaching age sixty), and drawing retirement benefits from that point on based on his status at the time of retirement, he would not, therefore, have accrued additional retirement benefits within the authorization of section 302(e). As this is the only statutory authority for the accrual of additional retirement benefits subsequent to qualification, this claim must fail.
Defendant’s motion for summary judgment on the issue of increased retirement pay based on the rank of major general is therefore granted, and plaintiffs’ motion is denied. It has been stipulated by the parties that plaintiffs are entitled to recover additional retired pay based on Esteves’ rank of brigadier general from May 1, 1953 to March 12, 1958 in the amount of Five Thousand Two Hundred and Seventy Two Dollars and One Cent ($5,272.01) based upon credit for his service at the United States Military Academy, and judgment for plaintiffs in that amount will be entered. The parties have also stipulated that plaintiffs’ claim for $1,100 based on certain other service performed by Esteves should be denied, and the petition as to this claim as well as to the claim for increased retirement pay based on the rank of major general will be dismissed.
It is so ordered.
Need, Justice {Bet.) sitting by designation; LaRAmore, Judge; WhitakeR, Judge; and JoNes, Chief Judge, concur.